UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TROY SCHEFFLER,                                                                    PLAINTIFF

v.                                                                    NO. 3:14-CV-00373-CRS

ALEX LEE, *et al.*,                                                             DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion by the Defendant Frederick Asset Protection LLC's ("Frederick") to dismiss all conceivable claims against it in Plaintiff Troy Scheffler's First Amended Complaint, DN 35; DN 39, and motion by Plaintiff for leave to file sur-reply thereto. DN 46.[1] Fully briefed, these matters are now ripe for adjudication. Having considered the parties' respective positions, we conclude that the Plaintiff's First Amended Complaint does fail to state a claim against Defendant Frederick. Plaintiff's motion for leave to file sur-reply is resultantly moot. Per the rationale set forth below, the Court will grant the Defendant's motion to dismiss and deny the Plaintiff's motion for leave. DN 39; DN 46.

I.

To overcome a motion to dismiss, a typical complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As noted in *Southfield Education Association v. Southfield Board of Education*, No. 13-1600, 2014 WL 2900928 (6th Cir. June 26,

---

[1] In his Response to Defendant's Motion to Dismiss, Plaintiff alternatively requested leave to amend his First Amended Complaint. This is not the proper practice for moving to amend a complaint. Nor did Plaintiff tender his proposed Second Amended Complaint therewith. If Plaintiff wishes to amend his First Amended Complaint, he must do so in accordance with the Federal Rules of Civil Procedure.

2014), "[a] complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Twombly*, 550 U.S. at 561-64." *Southfield Ed. Assoc.*, 2014 WL 2900928 at *2. "The factual allegations, assumed to be true, . . . must show entitlement to relief" under "some viable legal theory." *Id*. at *2 (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Pro se pleadings, on the other hand, are not assessed with such scrutiny.

"[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This is so because "[t]he drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and pro se litigants should not be precluded from resorting to the courts merely for want of sophistication." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Even under our liberal pleading standards, however, a plaintiff must at least "give the defendant fair notice of what [the] claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Plaintiff in this matter, Troy Scheffler, is proceeding as a *pro se* litigant, and the Court will view thus his pleadings through the appropriate lens.

## II.

Plaintiff commenced this action after his involvement in an incident at the Galt House Hotel on May 17, 2013. He alleges that he was unlawfully arrested, refused necessary medical treatment, and subjected to various other statutory and constitutional violations by the

Defendants. DN 35. Plaintiff's original Complaint identified Frederick Asset Protection as one such Defendant and, in the "Venue and Parties" section thereto, specifically alleged that Frederick was liable for Defendant Alex Lee's actions "per respondeat superior." DN 1. Also, in each of the allegations related to Claims I, II, and III, he reiterated that "Defendant Frederick Asset Protection LLC is liable for the actions of Defendant Lee by virtue of respondeat superior." *Id*. at 2, 19, 20, 21. Then, however, Plaintiff amended his Complaint and significantly altered the content of many of his claims. DN 34. He marked these amendments with red text, as shown in the First Amended Complaint (Red Corrected Version). *Id*. But as Defendant Frederick has correctly indicated, one such amendment was the removal of any specific mention of Frederick in Claims I, II, and III. DN 39. Thus, as the First Amended Complaint stands, the only time it mentions Frederick is the following set of statements in the "Venues and Parties" section:

9. Defendant Alex Lee is employed by Frederick Asset Protection LLC.
10. Frederick Asset Protection LLC is located at 847 South 9th Street, Louisville, Kentucky 40203.
11. Frederick Asset Protection shall answer to claims made in the acts their employee and Defendant Alex Lee per *respondeat superior*.

DN 35, p.3 (emphasis added). Again, this is the extent to which Frederick is mentioned in this Complaint.

Recognizing the omission of its name from Claims I, II, and III in the First Amended Complaint, Frederick now requests that we dismiss all claims against it. DN 39. Frederick's motion alleges that Plaintiff has failed to state a claim against Frederick upon which relief can be granted. Plaintiff nevertheless argues that Frederick should not be dismissed by pointing to several facts: 1). that his First Amended Complaint still names Frederick as a defendant; 2). that the "Venues and Parties" section still states that Frederick "shall answer to claims made the acts

their employee and Defendant Alex Lee per *respondeat superior*;" 3). that his First Amended Complaint requests relief against "*each and every defendant*, jointly and severally;" and, 4) that on November 6, 2014, this Court specifically ordered that Plaintiff could proceed against Frederick on Claims I, II, and III. DN 7; DN 35, p. 2.  We disagree.

To begin, it is well-settled that an amended complaint supersedes an original complaint and renders it moot. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306-07 (6th Cir. 2000).  As such, we must only consider Plaintiff's First Amended Complaint in resolving Frederick's motion.  And as Frederick has correctly noted, Plaintiff has not asserted any claims against it.  True, the First Amended Complaint names Frederick as a defendant and requests that "each and every defendant" be held liable "jointly and severally," but these are legal conclusions, not factual allegations.  Plaintiff does, however, incomprehensibly allege that Frederick "shall answer to claims made in the acts their employee and Defendant Alex Lee per *respondeat superior*."  But even making several assumptions about this statement – 1). that it is attempting to allege that Frederick should be held liable for Defendant Lee's actions under the doctrine of *respondeat superior*; and 2). that it can even be construed as a claim – it is pure conjecture and comes nowhere close to alleging a claim against Frederick that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  There is no factual content from which the Court to draw a reasonable inference that Frederick is liable under the doctrine of *respondeat superior*.  *Respondeat superior* requires more than just an employer-employee relationship, *see Patterson v. Blair*, 172 S.W.3d 316, 369 (Ky. 2005) (explaining that an employer is only vicariously liable for an intentional tort of an employee if he or she is actuated by a purpose to serve the employer), but that is all the Plaintiff has alleged.  Frederick must therefore be dismissed.

The Court acknowledges that the pleading rules are less stringent *pro se* litigants, but these rules are not so stringent that a *pro se* plaintiff can force a defendant to hypothesize as to what the allegations against him are. Our pleading standards evolved so that defendants may be afforded fair notice of what the claims against them are and the grounds upon which they rest; a complaint must accordingly, at a minimum, provide "either direct or inferential allegations respecting all the material elements to sustain a recovery." *In re Commonwealth Institutional Sec., Inc.*, 394 F.3d 401, 405 (6th Cir. 2005)(quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). Plaintiff has failed in that regard. The Court accordingly finds that Plaintiff's complaint fails to state a claim against Frederick for the reasons put forth.

### III.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendant Frederick Asset Protection LLC's motion to dismiss (DN 39) is **GRANTED**. Frederick Asset Protection LLC is **DISMISSED** as a defendant. As such, Plaintiff Troy Scheffler's motion for leave to file sur-reply (DN 46) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

August 21, 2015

Charles R. Simpson III, Senior Judge
United States District Court