UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TROY K. SHEFFLER                                                                                        PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:14-CV-373-CRS

ALEX LEE, et al.                                                                           DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the plaintiff, Troy K. Sheffler, for reconsideration of this court's August 24, 2015 Memorandum Opinion and Order dismissing the First Amended Complaint ("FAC") as to defendant Frederick Asset Protection LLC ("Frederick").

Frederick filed a motion to dismiss for failure to state a claim (DN 39), urging that although Sheffler expressly asserted battery, false-imprisonment, and malicious prosecution claims against it in the original Complaint, he omitted Frederick from those reasserted claims in the FAC. He did, however, include Frederick in the style of the FAC and later in paragraphs 9-11 and 238-240. For this reason, Frederick contended, it made its motion to dismiss "out of an abundance of caution," alleging that "Sheffler dropped his claims against Frederick…" (DN 39, p. 3).

Sheffler responded, albeit inartfully, that he did not drop any claims and still sought to hold Frederick liable under the doctrine of *respondeat superior*. At that time, Sheffler was

proceeding *pro se*. He also noted that the facts alleged in the two complaints were unchanged. Both of these statements are true. Sheffler did name Frederick as a defendant in the FAC and demanded that Frederick "answer to claims made in the acts [sic] their employee and Defendant Alex Lee per *respondeat superior*." The few facts alleged are identical in the two versions of the complaint.

The court dismissed the claims against Fredrick concluding that (1) the First Amended Complaint supersedes and moots the original Complaint, and (2) that under a liberal reading of the complaint (as required at that time inasmuch as Sheffler was then proceeding *pro se)*, there was no factual content from which the Court could draw a reasonable inference that Frederick could have *respondeat superior* liablity, noting that the doctrine requires more than just an employer-employee relationship. (*citing Patterson v. Blair*, 172 S.W.3d 316, 369 (Ky. 2005)). The court thus dismissed Frederick from the suit.

In retrospect, the court finds that Frederick should not have been dismissed under the analysis employed by the court, as Frederick made no such arguments in its motion. Frederick argued *only* that the omission of its name from the "claims" section of the FAC evidenced an abandonment of all claims against Frederick.

Indeed, a careful reading of Frederick's response to Sheffler's motion for reconsideration reveals that despite giving an accurate recitation of the court's grounds for dismissal, Frederick *does not* argue the correctness of the court's ruling. Rather, Frederick again argues that the dropping of Frederick from the claims section of the FAC *implied that Sheffler was no longer asserting respondeat superior claims against Frederick*. It then additionally urges that Fed.R.Civ.P. 59(e) is not the proper procedural vehicle, as the rule provides an "extraordinary" remedy which should not be used by Sheffler to reargue the case. Specifically, Frederick states:

"Thus, not only did the allegations in his amended complaint not give Frederick notice that it was being sued, it strongly *implied* the opposite *when compared to his original complaint*." (DN 59, p. 4).

In our earlier opinion, we noted the liberality to be accorded *pro se* pleadings, citing *Estelle v. Gamble*, 97 S.Ct. 285 (1976). We further noted that Fed.R.Civ.P. 8(a)(2) requires only a short, plain statement of the claim showing that the pleader is entitled to relief, such that the defendant has fair notice of what the claim is and the grounds upon which it rests. But to date this court has not been asked to conduct an evaluation of the sufficiency of the allegations against Frederick in the FAC under the *Twombly/Iqbal* standard. The 12(b)(6) standard does not appear in any brief, and the court should not have gone down that path *sua sponte*.

Frederick's argument was and still remains simply that when its name was *omitted* from the claims for battery, false imprisonment, and malicious prosecution, it was no longer on notice that those claims were still being asserted against it. Sheffler argues, however, that in both versions of the complaint he identified the employment relationship between Lee and Frederick and asserted *respondeat superior* liability sufficient for notice pleading. This court agrees.

We take our lead from the United States Supreme Court in the case of *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). In *Erickson*, the *pro se* petitioner's complaint was dismissed on the ground that he had made only "conclusory allegations" concerning harm as a result of the acts of the prison physician. The Supreme Court held that it was error to dismiss on the ground that his allegations were too conclusory to establish for pleading purposes that the petitioner had suffered a cognizable independent harm, citing Fed.R.Civ.P. 8(a)(2) and the requirement of fair notice. The court found what it termed the "Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2)"

was "even more pronounced" because the petitioner had been proceeding *pro se*. 127 S.Ct. at 2200. The court went on to state, however, that

> Whether petitioner's complaint is sufficient in all respects is a matter yet to be determined, for respondents raised multiple arguments in their motion to dismiss. In particular, the proper application of the controlling legal principles to the facts is yet to be determined. The case cannot, however, be dismissed on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue.

*Id.*

We note that the lack of any change in the allegations against Frederick between the two versions other than the deletion of Frederick's name from the "claims" section supports Sheffler's contention that he did not intend to abandon his *respondeat superior* claims against Frederick. We will give this then-*pro se* litigant the benefit of the doubt.

Nothing in this decision to vacate our earlier ruling should be construed as an indication by this court that these claims would survive scrutiny under *Twombly* and *Iqbal*. That argument was simply not made to the court. Further, we reject out of hand Sheffler's suggestion that Judge Heyburn's initial review of the case included any analysis of the state law claims under the *Twombly/Iqbal* rubric. The initial review, pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1977), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), states nothing more than that "[t]he Court will exercise its supplemental jurisdiction over these [state law] claims and let them proceed at this point in the litigation." DN 7, p. 12.

Herein, we decide only that the "omission" argument by Frederick, the sole argument before us, is insufficient. As we find palpable error in our earlier ruling, we will grant Sheffler's motion to alter or amend the judgment (DN 55) and vacate our earlier Memorandum Opinion

and Order (DN 50). A separate order will be entered herein this date in accordance with this opinion.

November 3, 2015

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**