UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Troy K. SCHEFFLER     PLAINTIFF

v.     CIVIL ACTION NO. 3:14-CV-373-CRS

Alex LEE, and
Michael CARROLL     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The facts of this case have been summarized by this Court and the Sixth Circuit. *Scheffler v. Lee*, 3:14-CV-373-CRS, 2017 WL 6396139, at *1–4 (W.D. Ky. Dec. 14, 2017), *affirmed in part, reversed in part, and remanded by* 18-5005, 2018 WL 4849690, at *1–2 (6th Cir. Oct. 5, 2018). Following briefing, this Court granted summary judgment to Defendants on all grounds. *Scheffler*, 2017 WL 6396139, at *4–8. The Sixth Circuit affirmed the grant of summary judgment to Carroll; affirmed the grant of summary judgment on Scheffler's excessive force, battery, common law malicious prosecution, and First Amendment claims against Lee; reversed the grant of summary judgment on Scheffler's false arrest and false imprisonment claims against Lee; and remanded the case to this Court for further proceedings. *Scheffler*, 2018 WL 4849690, at *11.

Following remand, Scheffler filed the pending motion seeking to tax the costs of his appellate filing fee, arguing it is authorized by Federal Rule of Appellate Procedure 39(e)(4). DN 114. Defendants objected, arguing *inter alia* that Federal Rule of Appellate Procedure 39(a)(4) governs over 39(e)(4) and that, since the Court of Appeals did not tax costs, this Court is precluded from doing so. DN 116.

The fee for filing the notice of appeal is ordinarily "taxable in the district court for the benefit of the party entitled to costs under this rule." F. R. App. P. 39(e)(4). Where "a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." F. R. App. P. 39(a)(4). Read together, the Rules provide that, where Rule 39(a)(4) applies, there is no "party entitled to costs under this rule" for purposes of Rule 39(e)(4) unless the Court of Appeals orders that a party is entitled to costs.

As a result, "in 39(a)(4) situations, a district court may order only those costs that the appellate court orders, and if the appellate court order fails to explicitly grant a class of costs, the district court 'must interpret that silence as a rejection of those costs.'" *Campbell v. Rainbow City, Ala.*, 209 F. App'x 873, 875 (11th Cir. 2006) (citing *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1340 (11th Cir. 1997)). "In other words, none of the costs listed as taxable under Rule 39(e) are recoverable in an affirmed-in-part/reversed-in-part case unless the appellate court so indicates." *Reeder-Simco GMC, Inc v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007). This is so even when no request for costs was filed in the appellate court. *Id.*

Here, the Court of Appeals did not include a provision regarding costs in its opinion. Further, the mandate regarding that opinion, issued on October 29, 2018, states "COSTS: none." DN 115 at 2. Since the Sixth Circuit has declined to order costs associated with the filing fee, this Court is precluded from doing so. Therefore, the motion to tax costs (DN 114) is **DENIED**.

January 2, 2019

Charles R. Simpson III, Senior Judge
United States District Court