Troy K. SCHEFFLER                                                               PLAINTIFF

v.                                                CIVIL ACTION NO. 3:14-CV-373-CRS

Alex LEE                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

In the Memorandum of Pretrial Conference and Order, the Court ordered that pretrial motions in limine be filed by May 16, 2019. DN 122. The parties, while participating in settlement agreements, extended that deadline by agreed order to June 28, 2019. Pending motions resolved in this Memorandum Opinion and Order include:

Defendant's Motion in Limine to Exclude Testimony of Richard Rosenthal (DN 125)

Defendant's Motion in Limine (DN 126)

Plaintiff's Motion in Limine to Exclude Post-Arrest Evidence and Evidence of Plaintiff's Status as a Party to Unrelated Civil and Criminal Cases (DN 128)

Motion to Withdraw as Attorney (DN 134)

**I.**      **Defendant's Motion in Limine to Exclude Testimony of Richard Rosenthal (DN 125)**

The admissibility of expert witness testimony is governed by Federal Rules of Evidence 104(a), 701, 702, and 704, applied under the rubric established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and

methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Therefore, the expert's opinion must be both relevant and reliable. *Daubert*, 509 U.S. at 589. To be relevant, there must be a "valid . . . connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 592. In other words, there must be a "fit" between the expert's opinion and the case at bar. *Id.* at 591. An opinion is reliable when "an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice in the relevant field." *Kumho Tire,* 526 U.S. at 152. The proponent of the testimony must establish admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592 n.10.

In assessing reliability, *Daubert* offered four factors: testing, peer review and publication, potential rate of error, and general acceptance in the relevant community. *Id.* at 593–94. These factors are not exhaustive and may have no pertinence in certain cases. *Nelson v. Tennessee*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Kumho Tire*, 526 U.S. at 141). Rule 702 offers an additional five factors for the Court to consider:

> (1) Whether experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying;
>
> (2) Whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion;
>
> (3) Whether the expert has adequately accounted for alternative explanations;
>
> (4) Whether the expert is being careful as he would be in his regular professional work outside his paid litigation consulting; and
>
> (5) Whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give.

FED. R. EVID. 702 advisory committee's note to 2000 amendment (citations omitted).

Here, Rosenthal is offered "as an expert on police programs, practices, policites, procedures and actions" in this case. Broadly, his opinions fall into three camps: impermissible legal conclusions, testimony regarding the beliefs of others, and unhelpful factual testimony. On review, the Court is convinced that none of those opinions are admissible and will grant the motion to exclude his testimony in its entirety.

A. **Impermissible Legal Conclusions**

The Sixth Circuit has made clear that experts cannot offer testimony on legal conclusions. *Torres v. County of Oakland,* 758 F.2d 147, 150 (6th Cir. 1985). While an opinion is not objectionable just because it embraces an ultimate issue, "the issue embraced must be a factual one." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) (citing FED. R. EVID. 704(a)). Exclusion is proper when an opinion "tracks almost verbatim the language of the applicable statute" or utilizes a term that "has a specialized meaning in the law and in lay use the term has a distinctly less precise meaning." *Torres*, 758 F.2d at 151 (citations omitted). *See Id.* (proper exclusion of expert opinion that plaintiff was "discriminated against because of her national origin"); *Berry*, 25 F.3d at 1353 (proper exclusion of expert opinion that defendants were "deliberately indifferent"); *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) (same); *Stoler v. Penn Cent. Transp. Co.*, 583 F.2d 896, 898–99 (6th Cir. 1978) (proper exclusion of expert opinion that a railroad crossing was "extra hazardous," a legal term of art under governing law); *DeMerrell v. City of Cheboygan*, No. 05-2325, 2006 WL 3090133, at *7–8 (6th Cir. 2006) (proper exclusion of expert opinion that an officer-involved shooting was "objectively unreasonable").

Rosenthal offers several legal conclusions in his report which must be excluded:

> Mr. Scheffler was neither impaired by alcohol sufficiently to warrant police intervention nor was he acting in a disorderly manner as defined by the law.

> The video showed Mr. Scheffler's action [sic] were certainly not "*fighting or in violent, tumultuous, or threatening behavior*" or even behaving in a close approximation of such actions.
>
> Officer Lee never described Mr. Scheffler as being sufficiently under the influence of alcohol to warrant an arrest.
>
> I believe Officer Lee only decided to place Mr. Scheffler under arrest after Mr. Scheffler's continued refusal to identify himself to the officer, and [sic] act which, of and by itself, is not a violation of law.

DN 125-3 at 10–13.

### B. Testimony Regarding the Beliefs of Others

An opinion about what others know or believe does not meet the requirements of Rule 702 for several reasons: it is not based on specialized knowledge, it is not based on sufficient facts or data, it is not the product of reliable principles and methods, and is not helpful to the jury. FED. R. EVID. 702. Rosenthal offers several of these opinions in his report, which must be excluded:

> Officer Lee believed that Mr. Scheffler did not accept the fact that Officer Lee was a sworn officer with the Louisville/Jefferson County Metro Police Department.
>
> Mr. Scheffler made it clear to both Officer Lee and the dispatch operator that he was aware he was interacting with a police officer.
>
> Officer Lee was seeking some sort of definitive verbal validation from Mr. Scheffler that Officer Lee was, in fact, a police officer.
>
> The videos of the public walking past Mr. Scheffler and the Galt House security staff on the date of the incident clearly show a lack of notice on their part in regard the interactions taking place at the concierge desk.
>
> Officer Lee was very upset with Mr. Scheffler on the morning of May 18, 2013.
>
> It is my opinion, based on Officer Lee's sworn statements, that Mr. Scheffler's personality clashed with Officer Lee's, who believed Mr. Scheffler was worse than "felons, murderers, robbers." It is my opinion that Mr. Scheffler, using a colloquial expression, "got under" Officer Lee's skin. Officer Lee was sufficiently upset by Mr. Scheffler's verbal interaction with the officer, as well as Mr. Scheffler's perceived failure to readily acknowledge Officer Lee's status as a police officer, that the officer made this unjustified (for lack of probable cause) arrest of Mr.

4

Scheffler, which resulted in Mr. Scheffler being incarcerated from Saturday morning until Sunday evening.

Officer Lee was personally annoyed and hurt by Mr. Scheffler's comments and attitude. An officer being annoyed and insulted by a citizen is not a valid basis for taking a person into custody. Based on the testimony of those present, it is clear that there was no violation of law sufficient to warrant an arrest for disorderly conduct on the part of Mr. Scheffler on the morning of May 18, 2013.

Mr. Howard did not believe arresting Mr. Scheffler was necessary.

DN 125-3 at 10–13.

### C. Unhelpful Factual Testimony

Many of the instances discussed above also assert factual information that is not derived from Rosenthal's own perception and is thus subject to exclusion on that independent basis. FED. R. EVID. 602. Since the Court has found that Rosenthal does not operate as an expert, any lay opinion would also be excludable on that ground. FED. R. EVID. 701.

## II. Defendant's Motion in Limine (DN 126)

Lee makes various motions in his omnibus motion in limine. The Court addresses each argument in turn.

### A. LMPD Professional Standards Unit Evidence

Lee moves to allow evidence gathered by the LMPD Professional Standards Unit in response to Scheffler's complaint. Conversely, Scheffler moves to exclude the evidence as hearsay. Lee cites to several hearsay exceptions covering an opposing party's statement (FED. R. EVID. 801(d)(2)(A)), recorded recollections (FED. R. EVID. 803(5)), hearsay from unavailable witnesses (FED. R. EVID. 804(a)), and the residual exception (FED. R. EVID. 807). These exceptions require Lee to lay a foundation for admissibility which cannot be determined pretrial. Therefore, the motion is denied without prejudice.

### B. Prior Incarceration of Plaintiff

Lee moves to allow evidence of Scheffler's prior incarceration(s) to rebut claims of emotional distress, mental anguish, humiliation, and embarrassment. Scheffler argues that evidence regarding prior incarceration is inadmissible, as it is not a conviction for which impeachment is permitted under Rule 609. It is clear that evidence of a prior conviction is admissible under certain instances to impeach a witness's character for truthfulness, FED. R. EVID. 609, or to prove that someone committed a crime if the fact of the crime is essential to the pending case, FED. R. EVID. 803(22). However, no Rule provides for the admissibility of evidence regarding a period of incarceration which does not result from a conviction. Further, the prejudicial effect substantially outweighs any probative value and the evidence should be excluded. FED. R. EVID. 803. *See also Cotton v. City of Eureka*, No. 08-4386 SBA, 2010 WL 5154945, at *6 (N.D. Cal. Dec. 14, 2010) (precluding reference to criminal history despite its potential relevancy to the issue of damages because it was "inflammatory under FRE 403"). Therefore, the motion is denied.

### C. Impressions of Plaintiff by LMEMS Employees

Lee seeks to introduce evidence from Louisville Metro Emergency Medical Services employees regarding their perceptions of Scheffler's intoxication. Scheffler initially opposed this motion but has since withdrawn "any and every motion in limine by him to exclude admissible evidence arising from Mr. Scheffler's post-arrest transport and hospitalization." DN 133. Without objection, the motion will be granted.

### D. Impressions of Plaintiff by Galt House Employees and Contract Security Employees

Lee also seeks to introduce evidence from Galt House employees and contracted security employees regarding their perceptions of Scheffler's intoxication. Scheffler argues such

testimony should be excluded because there is better evidence (in the form of the Galt House video, a contemporaneous 911 call, video transcript from Scheffler's misdemeanor trial, Lee's admissions against interest, and Lee's responses to requests for admission). The Court may exclude evidence if the risk of needlessly presenting cumulative evidence substantially outweighs the probative value. FED. R. EVID. 403. It does not appear that the probative value of the Galt House and contracted security employees' testimony would meet that standard. Therefore, the motion will be granted.

### E. Plaintiff's Testimony About His Disability

Lee seeks to exclude Scheffler's testimony regarding his own alleged psychological or medical disorders. Scheffler opposes the motion, arguing that "anyone can testify that he or she is on SSDI or has a particular disability" and that Lee was aware of Scheffler's disability status and could have obtained medical authorizations to examine his medical record or have expert witnesses testify about Scheffler's disabilities. Scheffler has indicated that his disability status is relevant because he intends to prove compensatory damages because he was jailed for two days without his medication, which he had left at home. Since that is the only purpose for which Scheffler intends to offer his disability status, the Court determines that it is irrelevant, as Lee cannot be liable for damage caused if Scheffler was denied medical care in detention.

"Traditional tort concepts of causation inform the causation inquiry on a § 1983 claim." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007) (citation omitted). This includes cause-in-fact and proximate causation. *Id.* Cause-in-fact is determined using a but-for test. *Id.* In this case, it is clear that but-for his arrest, Scheffler could not have been subjected to the alleged inadequate medical treatment. Proximate cause, however, is a much "thornier question":

> Proximate cause "is not about causation at all but about the appropriate scope of responsibility." Dobbs on Torts § 181. Proximate-cause analysis is a kind of line-drawing exercise in which we ask whether there are any policy or practical reasons that militate against holding a defendant liable even though that defendant is a but-for cause of the plaintiff's injury. *Id.*
>
> The Supreme Court has stated that "§ 1983 'should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.'" *Malley v. Briggs*, 475 U.S. 335, 345 (1986) (quoting *Monroe v. Pape*, 365 U.S. 167, 187 (1961)). Relying on this language, courts have framed the § 1983 proximate-cause question as a matter of foreseeability, asking whether it was reasonably foreseeable that the complained of harm would befall the § 1983 plaintiff as a result of the defendant's conduct.

*Id.* at 609

A law enforcement officer conducting an arrest could not reasonably foresee that an arrestee would not be provided necessary medicine while he was detained. That liability, if it exists, falls on those responsible for the detention itself. *See e.g. Hott v. Hennepin Cty.*, 260 F.3d 901, 908–09 (8th Cir. 2001) (jury could find proximate causation where jailer failed to prevent inmate suicide); *Kwai Fun Wong v. United States*, 373 F.3d 952, 967 (9th Cir. 2004) (only officials personally responsible for placing the plaintiff in detention and subsequently overseeing her detention could be liable for civil rights abuses occurring in the detention facility). Therefore, the motion is granted.

### F. Galt House "Guest Information Form," and the Pleadings, Exhibits, and Trial Video From the State Court Misdemeanor Case Against Scheffler

Lee seeks to exclude the Galt House "Guest Information Form" and the pleadings, exhibits, and trial video from the state court misdemeanor case against Scheffler, arguing that they are irrelevant. To the extent the motion targets pleadings, it will be granted, as pleadings are not evidence and do not establish any facts material to this case. FED. R. EVID. 401. With respect to the other information, the motion is denied as such evidence may be relevant and admissible subject to a foundation at trial.

8

### G. Galt House Video

Lee seeks to exclude the security camera footage from the Galt House, arguing that "the video is plainly an edited compilation of videos from multiple cameras in and around the Galt House" which was not provided to him until Scheffler filed it with his response to Lee's motion for summary judgment. By that time, Lee alleges the Galt House no longer had the source video available.

A party is required to provide, without a discovery request, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). Failure to comply results in mandatory exclusion "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Lee indicated in his Rule 26 disclosure filed with the Court on July 9, 2016 that he had "Video from Galt House surveillance" in his "possession, custody and control". DN 76. To the extent Lee has experienced any prejudice from the destruction of the original Galt House video, the blame is his own. Lee has been aware of the existence of the video since the inception of this case and failed to secure a complete copy. *See* DN 1 at 8 ("There exists video and audio from this incident including Galt house Lobby footage, audio within the Galt House up to Plaintiff's arrest"). That failure is not grounds for exclusion.

Further, the Galt House video has been relied on by both this Court and the Sixth Circuit when dealing with summary judgment motions. The video is fairly complete in its depiction of the evening preceding Scheffler's arrest. Lee is entitled to attack the completeness of the video at trial and introduce testimony from individuals who personally observed Scheffler. However, the

9

probative value of introducing the video is not substantially outweighed by the prejudice of its admissibility. Therefore, the motion is denied.

### H. Testimony Regarding Plaintiff's Credibility

Lee "moves to allow testimony, evidence and argument which goes to the issue of Plaintiff's credibility." Lee is permitted to impeach Scheffler's credibility through any means permitted by the Federal Rules of Civil Procedure and Evidence. The Court declines to further grant a broad motion in limine of this sort without the context provided at trial.

### I. Testimony and Evidence Not Produced in Discovery

As referenced above, evidence not produced in accordance with Federal Rule of Civil Procedure 26 will be excluded in accordance with Federal Rule of Civil Procedure 37. The Court declines to further grant a broad motion in limine of this sort without the context provided at trial.

### III. Plaintiff's Motion in Limine to Exclude Post-Arrest Evidence and Evidence of Plaintiff's Status as a Party to Unrelated Civil and Criminal Cases (DN 128)

Scheffler initially moved to exclude evidence regarding Scheffler's treatment and incarceration following his arrest. Afterward, Scheffler filed a letter to the Court to withdraw "any and every motion in limine by him to exclude admissible evidence arising from Mr. Scheffler's post-arrest transport and hospitalization." DN 133. Therefore, the motion is no longer before the Court.

Scheffler also moved to exclude evidence regarding unrelated civil and criminal cases in which Scheffler was or is a party. Such evidence would be irrelevant, unduly prejudicial, and improper character evidence. *See* FED. R. EVID 402, 403, 404, 609. Therefore, the motion will be granted.

**IV.     Motion to Withdraw as Attorney (DN 134)**

The Local Rules provide, in pertinent part, that an attorney of record may withdraw from a case where the client does not consent if the attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose. Joint Ky. Civ. Prac. R. 83.6(b). Where an attorney's request satisfies those benchmarks, leave to withdraw should be freely given absent a showing of "severe prejudice" to a litigant or other third-party. *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009). Here, Attorney Gregory Belzley has moved to withdraw citing "irreconcilable differences . . . concerning this case, its litigation, settlement, and trial." DN 134 at 2. The Court finds that Scheffler has retained able counsel in Attorney Peter Nickitas for much of the life of this case (and that Scheffler will not be severely prejudiced by the removal of Belzley) and that good cause to grant the motion to withdraw exists. Therefore, the motion will be granted and Belzley is removed as Counsel.

**V.     Order**

For the reasons above, and the Court being otherwise sufficiently advised, the Court:

**GRANTS** Defendant's Motion in Limine to Exclude Testimony of Richard Rosenthal (DN 125).

**GRANTS IN PART AND DENIES IN PART** Defendant's Motion in Limine (DN 126) as described herein.

**GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion in Limine to Exclude Post-Arrest Evidence and Evidence of Plaintiff's Status as a Party to Unrelated Civil and Criminal Cases (DN 128) as described herein.

**GRANTS** the Motion to Withdraw as Attorney (DN 134).

July 9, 2019



**Charles R. Simpson III, Senior Judge**
**United States District Court**