FILED
VANESSA L. ARMSTRONG
JUL 22 2019
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

Troy K. SCHEFFLER                                      PLAINTIFF

v.                                               CIVIL ACTION NO. 3:14-CV-373-CRS

Alex LEE                                                  DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, live and by deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

As you have heard in this case, Troy K. Scheffler claims that Alex Lee falsely arrested him, causing him to be falsely imprisoned. In these instructions, I will refer to the parties as "Scheffler" and "Lee," rather than continually repeating their names in full.

2

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life.

You should not consider the financial resources of either party in making your decision.

## Federal Civil Rights Claims Generally

Scheffler brings his claim in this case under a federal law, 42 U.S.C. § 1983. Under § 1983, a citizen may seek relief in this court by way of damages against any person who, under color of state law, deprives that citizen of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

Under the United States Constitution, every citizen has the right to his liberty, that is, the right not to be arrested without due process of law. This means that a person may not be arrested without probable cause for such an arrest. In this action, Scheffler claims that his rights were violated when Lee arrested him without probable cause and he was thereafter detained in jail.

An arrest of an individual is reasonable, and therefore not a violation of a citizen's civil rights, if the arresting officer had probable cause to believe that the individual had committed, was committing, or was about to commit a crime.

Lee arrested Scheffler for two crimes under Kentucky law, Alcohol Intoxication and Disorderly Conduct. To succeed on his civil rights claim, Scheffler must prove that it is more likely true than not true that he was arrested by Lee for both of these crimes without probable cause to make the arrest. Probable cause to arrest and the crimes for which Scheffler was arrested are explained further in the next three instructions.

As I instructed you at the beginning of this case, you are the judges of the facts. The question of probable cause for Sheffler's arrest is the only issue of fact for you to determine with respect to Sheffler's civil rights claim. These instructions are designed to guide you through your consideration of that issue. You may also be required to consider the facts presented addressing damages. Damages are discussed later in these instructions.

4

## Probable Cause

"Probable Cause" for a police officer to arrest an individual exists when the facts and circumstances within his knowledge are sufficient to warrant an officer of reasonable caution to believe that a crime had been, was being, or was about to be committed. In making this determination, you should consider what Lee knew at the time of the arrest. Information obtained by Lee after the arrest cannot provide probable cause.

"Probable Cause" requires more than mere suspicion but does not require evidence sufficient to support a conviction. The fact that Scheffler was later acquitted of the charges for which he was arrested does not, by itself, mean that Lee lacked probable cause at the time of Scheffler's arrest.

Scheffler was arrested for Alcohol Intoxication and Disorderly Conduct, which are defined in the next two instructions. You must consider and find from the evidence whether Lee had probable cause to arrest Scheffler with respect to each of these crimes. To succeed on his civil rights claim, Scheffler must prove that it is more likely true than not true that Lee did not have probable cause to arrest him for both Alcohol Intoxication and Disorderly Conduct.

Intent is not an element of the case. Scheffler need not show that Lee intended to deprive him of his rights. The fact that a defendant had no specific intent or purpose to deprive a plaintiff of his civil rights will not absolve that defendant from liability for, in fact, depriving the plaintiff of those rights.

## Alcohol Intoxication

The crime of "Alcohol Intoxication" occurs when a person appears in a public place manifestly under the influence of alcohol to the degree that he may endanger himself or other persons or property, or unreasonably annoy persons in his vicinity.

Scheffler must prove that it is more likely true than not true that Lee did not have probable cause to arrest him for Alcohol Intoxication.

If you find from the evidence that Scheffler has proven that Lee arrested him for Alcohol Intoxication without probable cause, you will find for Scheffler on Verdict Form A. If you find from the evidence that Scheffler has failed to prove this fact, you will find for Lee on Verdict Form A. Have your foreperson sign and date the Verdict Form.

You will then proceed to consider the issue of probable cause to arrest for Disorderly Conduct.

## Disorderly Conduct

The crime of "Disorderly Conduct" occurs when a person, in a public place and with the intent to cause public inconvenience, annoyance, or alarm, or wantonly creating a risk thereof:

(a) Engages in fighting or in violent, tumultuous, or threatening behavior;

(b) Makes unreasonable noise;

(c) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard, or other emergency; or

(d) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose.

The crime of "Disorderly Conduct" does not occur when a person engages in argument with only the police so long as the argument proceeds without offensively coarse language or conduct which intentionally or wantonly creates a risk of public disturbance.

Scheffler must prove that it is more likely true than not true that Lee did not have probable cause to arrest him for Disorderly Conduct.

If you find from the evidence that Scheffler has proven that Lee arrested Scheffler for Disorderly Conduct without probable cause, you will find for Scheffler on Verdict Form B. If you find from the evidence that Scheffler has failed to prove this fact, you will find for Lee on Verdict Form B. Have your foreperson sign and date the Verdict Form.

If you have found for Scheffler on both Verdict Form A and Verdict Form B, you will then proceed to consider damages.

However, if you found for Lee on either Verdict Form A or Verdict Form B, or on both of them, you will end your deliberations and return to the courtroom.

## Damages Generally

If you have found for Scheffler on <u>both</u> Verdict Form A and Verdict Form B, Scheffler is entitled to recover damages for violation of his civil rights. You must find from the evidence such damages to be reasonably certain in existence and amount. You may not award damages that are remote or speculative, nor may you award damages based on sympathy or guesswork. In determining the amount of damages, if any, that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require that Scheffler prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. The damages you award must be fair compensation—no more and no less. There is no exact standard for fixing the compensation to be awarded for the damage caused. Any award you make should be fair in light of the evidence presented at trial.

## Compensatory Damages

You must determine from the evidence what amount of money will fairly compensate Scheffler for any injury he sustained or is reasonably certain to sustain in the future as a direct result of Lee's false arrest and imprisonment of Scheffler. These injuries may include actual loss of money as well as other physical and mental injury. For example, damages may include medical and psychiatric expenses, pain and suffering, humiliation, emotional distress, damage to reputation, and the like.

If you found for Scheffler on <u>both</u> Verdict Form A and Verdict Form B but determine that Scheffler has failed to prove any compensatory damages, you must award nominal damages, not to exceed one dollar ($1.00).

You will indicate your award of damages, whether compensatory or nominal, on Verdict Form C. Have your foreperson sign and date the Verdict Form. You will then proceed to consider punitive damages.

## **Punitive Damages**

In addition to compensatory damages, you may award punitive damages if you find that Lee's conduct was malicious, intentional, or recklessly or callously indifferent to Scheffler's rights. The purpose of punitive damages is deterrence and retribution; they punish a defendant's unlawful conduct and deter its repetition. You may, but are not required to, award Scheffler some additional sum as punitive damages if you find it appropriate to punish Lee and deter conduct like that he exhibited in this case. You may do so even if you awarded only nominal damages on Verdict Form C. You will indicate your award of punitive damages, if any, on Verdict Form D. Have your foreperson sign and date the Verdict Form. You will then end your deliberations and return to the courtroom.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, tablet, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms for verdicts have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then cease your deliberations and inform the court security officer that you have reached verdicts in the case.

# VERDICT FORM A
## Alcohol Intoxication

| | District |
|---|---|
| **United States District Court** | Western District of Kentucky |
| Case Title<br>Troy K. SCHEFFLER<br><br>v.<br><br>Alex LEE | Docket No.<br><br><br>CIVIL ACTION NO. 3:14-CV-373-CRS |

**WITH RESPECT TO THE ISSUE OF PROBABLE CAUSE TO ARREST FOR ALCOHOL INTOXICATION,**

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE, FIND:

_____ For the Plaintiff, Troy. K. Scheffler

_____ For the Defendant, Alex Lee

| Foreperson's Signature | Date |
|---|---|
| | |

# VERDICT FORM B
## Disorderly Conduct

| | District |
|---|---|
| United States District Court | Western District of Kentucky |
| Case Title<br>Troy K. SCHEFFLER<br>v.<br>Alex LEE | Docket No.<br><br>CIVIL ACTION NO. 3:14-CV-373-CRS |

**WITH RESPECT TO THE ISSUE OF PROBABLE CAUSE TO ARREST FOR DISORDERLY CONDUCT**,

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE, FIND:

_____ For the Plaintiff, Troy K. Scheffler

_____ For the Defendant, Alex Lee

| Foreperson's Signature | Date |
|---|---|
| | |

# VERDICT FORM C
## Compensatory Damages

| | District |
|---|---|
| United States District Court | Western District of Kentucky |
| Case Title<br>Troy K. SCHEFFLER<br><br>v.<br><br>Alex LEE | Docket No.<br><br><br>CIVIL ACTION NO. 3:14-CV-373-CRS |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND COMPENSATORY DAMAGES AS FOLLOWS:

$ _____

| Foreperson's Signature | Date |
|---|---|
| | |

# VERDICT FORM D
## Punitive Damages

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br>Troy K. SCHEFFLER<br><br>v.<br><br>Alex LEE | Docket No.<br><br><br>CIVIL ACTION NO. 3:14-CV-373-CRS |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND PUNITIVE DAMAGES AS FOLLOWS:

$ _____

| Foreperson's Signature | Date |
|---|---|
| | |