UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TROY K. SCHEFFLER                                                                                     PLAINTIFF

vs.                                                                        CIVIL ACTION NO. 3:14-CV-373-CRS

ALEX LEE, ET AL.                                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motion for attorney's fees and costs by Plaintiff Troy Scheffler ("Plaintiff"). DN 197. Defendant Alex Lee ("Defendant") filed a response. DN 198. Plaintiff filed a reply. DN 199. This matter is now ripe for judicial review. For the reasons stated below, Plaintiff's motion will be granted in part and denied in part.

**I. Background**

Plaintiff filed this civil rights action against Defendant, a member of the Louisville Metro Police Department, on May 15, 2014 for violations of his constitutional rights stemming from Plaintiff's arrest on May 18, 2013. The jury rendered a verdict in favor of Plaintiff on claims of arrest without probable cause in violation of the Fourth Amendment. DN 182. The jury awarded Plaintiff $2,000 in compensatory damages and $5,000 in punitive damages. *Id*. Plaintiff now seeks attorney's fees in the amount of $149,920.00 and an award of costs in the amount of $6,024.26.

**II. Attorney's Fees**

**A. Legal Standard**

The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, permits the court, in its discretion, to award attorney's fees to the prevailing party in a Section 1983 action. *Young v. Kentucky Dept. of Corrections*, 2015 WL 4756514, at *1–2 (E.D. Ky. May 19, 2015) (citing

*Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir. 2003). "[A] court must first determine whether the petitioning plaintiff was the prevailing party." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). This requirement is satisfied if "the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit…." *DiLaura v. Township of Ann Arbor*, 471 F.3d 666, 670 (6th Cir. 2006) (quotations omitted).

If the Court determines that the petitioning plaintiff is the prevailing party, it must then determine whether the fee request is reasonable. *Wayne*, 36 F.3d at 531. To be reasonable, a fee must be "adequately compensatory to attract competent counsel" but avoid "producing a windfall for lawyers." *Gonter v. Hunt Valve Company, Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). Courts begin with the "lodestar formula," which calls for multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 434. In "rare" or "exceptional" cases, courts may adjust the lodestar up or down by considering twelve factors adopted by the Supreme Court in *Hensley*, 461 U.S. at 471: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

### B. Analysis

Defendant does not dispute that Plaintiff was the prevailing party in this matter. DN 198 at 1. Accordingly, the Court will proceed to the lodestar formula. Plaintiff seeks compensation for

$400 per hour multiplied by 374.8 hours equaling $149.920.00 in attorney compensation. DN 197-2 at 7. In support of this fee request, Plaintiff submitted a declaration from his lead counsel, Peter J. Nickitas, affying that his hourly rate for this kind of police misconduct litigation in Minneapolis is $400 per hour. 197-2 at 5. Nickitas provided a declaration from attorney Jordan S. Kushner, a licensed attorney in Minnesota, stating $400 per hour is "a very modest fee for an attorney in the Twin Cities, Minnesota market who has about 29 years of experience and has prevailed at trial in a federal civil rights case." DN 197-15 at 5.

The Court finds that a reasonable rate for Mr. Nickitas in this case is $350 per hour. The Court bases its "reasonable hourly rate" component of the lodestar formula on the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). District courts are generally free to look to any market they believe is appropriate to fairly compensate attorneys in individual cases. *See Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) ("District courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases."). But "[g]enerally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 979 (9th Cir. 2008); *see Loesel v. City of Frankenmuth*, 743 F. Supp. 2d 619, 645 (E.D. Mich. 2010) ("[T]he 'relevant community' for purposes of § 1988 attorney fees is generally based on where the district court sits."); *see also Holley Performance Prods. v. Smith-CNC China Networking Co.*, No. 1:06CV-165-M, 2007 U.S. Dist. LEXIS 66506, at *8 (W.D. Ky. Sep. 6, 2007) (finding that the fees requested by an out-of-state attorney were not reasonable because the relevant community was the venue where the court sat and in which the suit had been brought).

Here, the relevant community is the Western District of Kentucky—the district where the action was brought, the location of the jury trial, and the location of the events giving rise to the tort. While the Court credits Plaintiff's statement that he "telephoned over 20 attorneys in the Louisville, Kentucky area," the Court does not find that Plaintiff therefore "exhaust[ed] all options" of finding local counsel. DN 197-3 at 1. The Louisville Bar Association has more than 3,100 active members, many more than 20 of whom are capable of prosecuting a straightforward civil rights case like the one presented here. *See* https://www.loubar.org/directory/. Furthermore, there are certainly scores of other licensed attorneys practicing in the more than 700 miles between Louisville, Kentucky and St. Paul, Minnesota (the location of Mr. Nickitas' practice). On these facts, the Court does not find that broadening the "relevant community" is justified. Kushner's statement that "the U.S. District Court in Minnesota would award at least $450 per hour in a civil rights case to an attorney with Mr. Nickitas' level of experience and expertise," DN 197-15 at 5, has no bearing on the reasonable rate in this case because, by Kushner's own admission, he is "not familiar with the legal market in Kentucky," *id*.

Defendant provides affidavits from eleven Louisville attorneys who, in the context of performing comparable legal work, state their hourly rates range between $325 and $375 per hour. DN 198-1 at 1–11. Plaintiff does not dispute these rates but instead points out that several of the affidavits describe their rates as "at least" that high. DN 199 at 2. Defendant also argues $400 is reasonable for his attorney because the rate "reflects added compensation for counsel setting aside work in Minneapolis-St. Paul to serve his longstanding client 700 miles away in Louisville." *Id*. at 4. The Court finds that these factors do not justify an upward deviation from the reasonable rate for comparable representation in the relevant legal market. Accordingly, $350 is a reasonable hourly rate for Mr. Nickitas' compensation for work he performed in this case.

The other factor in the lodestar equation is the number of hours labored. Plaintiff requests compensation at his full hourly rate for 374.8 hours, for which he provides a 14-page breakdown of how many hours he claims to have spent on litigation-related activities. DN 197-5 at 1–14. After carefully reviewing the record, the Court finds the amount of hours claimed by Plaintiff's counsel are, in part, unreasonable. Specifically, the Court finds that Plaintiff may not recover attorney's fees for the total hours billed for clerical tasks, long-distance travel, or the excessive time Nickitas spent preparing his summation. After reducing the hours billed for the foregoing tasks, the Court also finds that a further reduction is warranted to account for the limited degree of success obtained by Plaintiff at trial.

### 1. Clerical Tasks

The Court will reduce the number of compensable hours spent by Mr. Nickitas on clerical tasks. Plaintiff's counsel billed at his full attorney rate for tasks that, while reasonably necessary, were administrative in character and could have been performed by a non-attorney. Such tasks should not be billed at $400 or even $350 per hour. As noted by the Supreme Court:

> It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

*Jenkins*, 491 U.S. at 288 n.10 (quoting *Johnson*, 488 F.2d at 717). Hours spent on purely clerical tasks must be either reduced or excluded in their entirety. *See Allison v. City of Lansing*, No. 5:03-cv-156, 2007 U.S. Dist. LEXIS 52592, 2007 WL 2114726, *1 (W.D. Mich. July 19, 2007) ("It is not appropriate to award attorney fees for strictly clerical tasks."). Therefore, while still compensable, the Court will reduce the number of hours billed for each of these tasks to reflect the value of the non-legal services provided.

The Court finds that the billable hours for the following clerical tasks should be reduced: 1.5 attorney hours on July 23, 2019 for preparing time sheets, DN 197-5 at 1; 2.2 attorney hours on July 22, 2019 as part of a line item that includes printing attorney's summation and checking out of a hotel, *id.*; 1.4 attorney hours for purchasing DVDs and paper supplies for trial on July 14, 2019, *id.* at 3; .9 attorney hours on July 12, 2019 as part of a line item that includes organizing files, *id.* at 4; 1.7 attorney hours on May 13, 2019 for preparing time sheets, *id.* at 7; and 1.4 hours on April 15, 2015 as part of a line item that includes "endeavor[ing] to find local counsel," *id.* at 13. In sum, Plaintiff requests attorney's fees for 9.1 hours spent on these clerical tasks. The Court will reduce the hours for these tasks to 4.15 hours to reflect their actual reasonable value.

Additionally, Plaintiff requests .2 attorney hours for time Nickitas spent sending an "email to Judge Simpson's scheduling, thanking her for allowing telephonic appearance by me and in-person appearance by co-counsel, Greg Belzley on March 18, 2019." *Id.* at 7. Firstly, sending such an email is a clerical task and would never be billable at Nickitas' attorney rate. Secondly, while such cordiality is welcome, time spent sending thank you emails is not a necessary part of litigation, and this Court will reduce the time in its entirety.

### 2. Travel

The Court will disallow a majority of the requested compensation for travel time. While travel time may be included in an award of attorney's fees, such is not the case where the travel time requested is unreasonable. *See Crumbaker v. Merit Systems Protection Board*, 781 F.2d 191 (Fed. Cir. 1986) ("[I]f the travel is unnecessary, the time spent in travel should be subtracted out.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "Some courts completely disallow compensation for an attorney's travel time. Other courts allow compensation for such time, although some of those courts reduce the attorney's hourly rate for such time." *Gratz*

*v. Bollinger*, 353 F. Supp. 2d 929, 943 (E.D. Mich. 2005). Whether a party should be awarded fees for travel time is "within the discretion given the district court, which has greater familiarity with local practice…." *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). "It is customary local practice that if productive legal work is performed during travel, such travel time is billed at the attorney's full hourly rate." *American Civil Liberties Union of Kentucky, Inc. v. Grayson County, Kentucky*, 2008 WL 5101672, *3 (W.D. Ky. Nov. 26, 2008). However, where productive legal work is not being performed, this Court finds that billing at a full attorney rate for long-distance travel is ordinarily inappropriate.

In the instant case, Plaintiff's primary counsel resides in St. Paul, Minnesota—more than 700 miles from the court in which Plaintiff filed his complaint. As the Court has already explained, Plaintiff's attempt to contact more than 20 attorneys before hiring Mr. Nickitas did not "exhaust all options" of finding local counsel. DN 197-3 at 1. Accordingly, the long-distance travel expenses for Mr. Nickitas, an attorney who was not licensed in Kentucky and who ordinarily practices in Minnesota, were unreasonable. Because attorneys within the relevant community would have spent far less time traveling between a local office and the courthouse than Mr. Nickitas spent in transit between St. Paul, Minnesota and Louisville, Kentucky, Nickitas' hours will be reduced to reflect the reasonable rate of thirty minutes of local travel for each trip to or from litigation activities in the Louisville metropolitan area.

Furthermore, the Court finds that the reasonable rate for travel time is 50% of the rate an attorney would receive for pure litigation work. Accordingly, the Court finds that travel expenses for the following trips, where Nickitas' time sheet provides no record of legal work during travel, should be reduced: 12.1 attorney hours from July 22–23, 2019 for driving from Kentucky to Minnesota, DN 197-5 at 1, and 11.1 attorney hours from June 10–11, 2019 for the same trip, *id*. at

6. In sum, Plaintiff requests attorney's fees for 23.2 hours spent driving from Louisville, Kentucky to his home in St. Paul, Minnesota during which Nickitas' bill does not document performance of any substantive legal work. The Court will reduce the hours for these two trips to .5 attorney hours per trip to reflect a 50% hourly rate for an attorney in the local area traveling 30 minutes to and from the courthouse.

Nickitas billed his hourly attorney rate for twelve hours on February 27, 2017. *Id*. Within this line item, Nickitas accounts for 2 hours on flights between Minnesota and Kentucky, 1.5 hours spent driving between the airport, his chosen hotel in Southern Indiana, and the federal courthouse in Louisville, and 3 hours in a settlement conference. *Id*. Although unclear, the 5.5 unaccounted hours appear to be part of time Nickitas spent "prep[aring] for conference night before." *Id*. Because Nickitas' travel would not have been necessary for an attorney in the relevant local area, the associated expenses are not compensable beyond that of a local attorney. Accordingly, the Court will reduce the 3.5 hours of claimed travel time to .5 attorney hours to reflect a 50% hourly rate for an attorney in the local area traveling 30 minutes to and from the courthouse. Regarding the 5.5 hours Nickitas billed for preparation, the court finds that this is unreasonably long preparation for a three-hour settlement conference. Accordingly, the court will reduce the 5.5 hours billed to a more appropriate 2 hours of preparation.

Nickitas also billed his hourly attorney rate for twelve hours on November 28, 2016. *Id*. Within this line item, Nickitas accounts for 2 hours on flights between Minnesota and Kentucky, 1.5 hours spent driving between the airport, his chosen hotel in Southern Indiana, and the federal courthouse in Louisville, 2 hours preparing for a deposition, and 3 hours in said deposition. *Id*. Plaintiff does not account for the remaining 3.5 hours, which the Court will reduce in its entirety. Furthermore, because 3.5 hours in a train and rental car would not have been necessary for an

attorney in the relevant local area, the Court will reduce this travel time to .5 attorney hours to reflect a 50% hourly rate for an attorney in the local area traveling 30 minutes to and from the courthouse.

Plaintiff also seeks reimbursement for travel between Minnesota and Kentucky during which Mr. Nickitas documented that he counseled with his client. While time spent consulting with one's client may be compensable, the Court finds that the total amount of time spent in relation to the task for which Nickitas was preparing is unreasonable. Nickitas billed 10.8 attorney hours for time spent driving from St. Paul, Minnesota to Louisville, Kentucky on July 13, 2019 during which Mr. Nickitas discussed the "case, witness testimony, order of witnesses, theme of 'truth of the matter' and criteria for liability, compensatory damages, and punitive damages." 197-5 at 4. This travel time is found within a block billing entry that also includes "setting up trial HQ" in a hotel room. *Id*. This is an unreasonably long amount of time for these tasks. The Court will reduce this to six hours to more accurately reflect a reasonable amount of time for client trial preparation. Nickitas also bills 11.5 attorney hours for time spent driving from St. Paul, Minnesota to Louisville, Kentucky on June 9, 2019 during which Mr. Nickitas discussed negotiations for the following day's settlement conference. *Id*. at 6. This is an unreasonable length of time for an attorney to discuss an eight-hour settlement conference with his client—particularly when Nickitas already billed 5.5 hours to prepare for a previous settlement conference in the same case. The Court will discount this to two hours to reflect the reasonable amount of time required for this activity.

Nickitas billed .2 attorney hours for the time he spent making a car rental reservation on July 7, 2019. *Id*. at 4. Not only is this a clerical activity, this activity would be unnecessary for an attorney practicing in the local area. Accordingly, the Court will discount this time in its entirety.

### 3. Summation

The Court will reduce the hours billed by Nickitas for excessive hours he spent working on his summation. Nickitas billed a total of 17 hours reviewing notes for, drafting, rehearsing, and re-editing his summation. DN 197-5 at 1. Seventeen hours is an unreasonable amount of time for an experienced civil rights attorney to spend on the relatively simple, albeit important, task of preparing 46-minute summation. The Court finds that 7.7 hours billed by Nickitas for "Add[ing] connectors between Justice Douglas, Thomas Jefferson, and Scripture references to anchor summation" particularly unreasonable. *Id*. Accordingly, the Court will reduce the billable hours for this entry to three attorney hours.

### 4. Degree of Success Obtained

Defendant argues that the Court should reduce Plaintiff's attorney's fees because Plaintiff only achieved limited success at trial. DN 198 at 9. Scheffler replies that full compensation is justified, particularly because "federal antidiscrimination law vindicates important public interests which may not be reflected in the size of a particular recovery." DN 199 at 9. After reviewing the entirety of the record, the Court finds that a 30% reduction in attorney's fees based on Plaintiff's limited degree of success is appropriate.

After determining the basic lodestar amount, the "most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Evaluating the degree of success "is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In *Hensley*, the Supreme Court put forward two questions to guide courts when contemplating a downward adjustment based on limited success. *Id.* at 434. First, the court must ask whether the plaintiff failed to prevail on claims that were unrelated to the claims

on which the plaintiff succeeded. *Id*. If the claims are different and unrelated, then they may be treated separately; if, however, they are inseparable because they arise out of the same common facts or theories, then there will not be an immediate reduction. *Id*. at 435. Second, the court must ask whether the plaintiff achieved such a level of success that it makes the hours expended a "satisfactory basis for making a fee award." *Id*. In *Hensley*, the Court stated that the lodestar amount may be "excessive…even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*. at 436.

After considering the "amount and nature of damages awarded, the court may lawfully award low fees or no fees." *Farrar v. Hobby,* 506 U.S. 103, 114 (1992). In some circumstances, particularly where the plaintiff's victory is only nominal, "even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Bridges v. Mallett-Godwin*, No. 96-1117, 1997 U.S. App. LEXIS 5950, at *5 (6th Cir. Mar. 25, 1997). On the other end of the spectrum, when the outcome of a case is "excellent," even where plaintiffs have not succeeded on every claim, the Sixth Circuit has approved the award of full attorney's fees. *See Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 421 F.3d 417, 423-24 (6th Cir. 2005) ("Because the result secured by Deja Vu--a final judgment that permanently enjoined the enforcement of Chapter 6.54--cannot fairly be labeled as anything short of excellent, it is entitled to a fully compensatory fee.").

In the instant case, the majority of Plaintiff's claims were disposed of before trial, but all claims were bound up in the same events. Therefore, the time that Nickitas spent in pursuit of unmeritorious claims is not easily separated from the time he invested pursuing claims upon which Plaintiff ultimately prevailed at trial. Accordingly, simply reducing attorney's fees based on the ratio of successful versus unsuccessful claims would be inappropriate. *See Déjà Vu*, 421 F.3d at

11

423 ("[W]e have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed."); *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 672-73 (6th Cir. 2006) (same). The Court now proceeds to the second question in the *Hensley* inquiry and asks whether Plaintiff's $7,000 jury award and success against one defendant on two Fourth Amendment claims justifies full compensation for the 315.25 hours the Court has thus far found Mr. Nickitas reasonably expended.

Plaintiff's jury award of $7,000 in vindication of his Fourth Amendment rights was greater than a nominal or a mere "technical victory," but it was far less than "excellent." *See Pouillon v. Little*, 326 F.3d 713, 717 (6th Cir. 2003) (finding the district court abused its discretion when it awarded attorney's fees to an activist who received only nominal damages for a "technical" violation of his civil rights). This is particularly true when evaluating the amount recovered and claims won in light of the total number of claims brought, the years invested in litigation, and the more than half-million dollars sought at closing. At best, Plaintiff's degree of success was "good," and his attorney's fees should reflect as much. Although there is no precise formula for determining the exact degree of limited success, the Court notes that Plaintiff succeeded on 12.5% of his original claims and recovered less than 2% of the damages he requested from the jury at trial. After reviewing the record in its entirety and considering the factors established by the Supreme Court and the Sixth Circuit, the Court finds that Plaintiff's "less than complete" victory compels a 30% reduction of the lodestar amount. *See Ky. Rest. Concepts Inc. v. City of Louisville*, 117 F. App'x 415, 421 (6th Cir. 2004) (approving a 35% reduction in the lodestar amount where Plaintiff's success on some, but not all, injunctive relief represented a "less than complete victory").

### 5. Summary of Reasonable Attorney Fees

Plaintiff's request for attorney's fees will be granted in part and denied in part in accordance with the following:

| Reduced Attorney's Fees | | | | | |
|---|---|---|---|---|---|
| Line Item | Reduction Reason | Requested Hours | Reasonable Hours | Reduction | Citation |
| Prepare Time Sheet | Clerical | 1.5 | .5 | 1 | DN 197-5 at 1 |
| Rehearse summation; tel cf w/client to refine summation; print Summation; check out of hotel | Clerical | 2.2 | 2 | .2 | DN 197-5 at 1 |
| Purchase DVDs and paper supplies for trial | Clerical | 1.4 | .45 | .95 | DN 197-5 at 3 |
| Organize files and pack vehicle for trip to Louisville | Clerical | .9 | .3 | .6 | DN 197-5 at 4 |
| Prepare Time Sheet | Clerical | 1.7 | .5 | 1.2 | DN 197-5 at 7 |
| Meet with client; endeavor to find local counsel; unsuccessful | Clerical | 1.4 | .4 | 1 | DN 197-5 at 13 |
| Email to Judge Simpson's scheduling, thanking her for Allowing telephonic appearance by me and in-person appearance by co-counsel, Greg Belzley | Clerical | .2 | 0 | .2 | DN 197-5 at 7 |
| Commence drive to St. Paul; Return home from Louisville, by driving (excludes two hours' rest) | Travel | 12.1 | .5 | 11.6 | 197-5 at 1 |
| Leave for St. Paul; Continued return trip to St. Paul from Louisville | Travel | 11.1 | .5 | 10.6 | 197-5 at 6 |
| Drive to Louisville for settlement conference; hold Settlement conference; no settlement; not counting drive time; Counting 2 hours air time one-way r/t; 45 minutes from airport to hotel in S. Indiana; 45 minutes from hotel to courthouse; prep for conference night before; settlement conference 3 hours before impasse | Travel | 12 | 5.5 | 6.5 | 197-5 at 11 |

| Plaintiff's deposition in Louisville; drive down from St. Paul; counting 2 hours nonstop 1-way flight, not drive time; 45 Minutes from airport to hotel in S. Indiana; 45 minutes from hotel to courthouse; preparation for deposition night before, 2 hours; deposition, 3 hours | Travel | 12 | 5.5 | 6.5 | 197-5 at 12 |
|---|---|---|---|---|---|
| Travel with client from St. Paul to Louisville; discuss case, witness testimony, order of witnesses, theme of "truth of the matter" and criteria for liability, compensatory damages, and punitive damages; arrive in Louisville and set up trial HQ in hotel room | Travel | 10.8 | 6 | 4.8 | 197-5 at 4 |
| Conf with client; Leave from St. Paul for Louisville with client; discuss case and negotiations with client | Travel | 11.5 | 2 | 9.5 | 197-5 at 6 |
| Make reservations for rental car (Enterprise) | Travel | .2 | 0 | .2 | 197-5 at 4 |
| Prepare summation; rehearse and time (46 min); revise; tel conf w/client to prepare for summation (0.4); rehearse again; Add connectors between Justice Douglas, Thomas Jefferson, and Scripture references to anchor summation (7.7) | Excessive | 7.7 | 3 | 4.7 | 197-5 at 2 |
| Total | | 86.7 | 27.15 | 59.55 | |

| | |
|---|---|
| Total Hours Requested | 374.8 |
| Unreasonable Hours | 59.55 |
| Reasonable Hours | 315.25 |
| Reasonable Hourly Rate | $350.00 |
| Preliminary Lodestar Amount | $110,337.50 |
| **Total Less 30% Reduction for Limited Success** | **$77,236.25** |

### III. Costs

Plaintiff seeks to recover $6,024.26 in costs. DN 197 at 1. To support his request, Plaintiff provides photocopies of gas receipts, a bank statement, a canceled check, multiple invoices from Enterprise Rent-a-Car and other documents totaling $13,205.49. *See generally,* 197-5 at 1–14. Defendant objects to specific costs that were inadequately documented, related to unnecessary travel, or otherwise not recoverable totaling $12,486.70. DN 198 at 10–13. In his reply, Plaintiff does not respond to Defendant's objections. The Court has reviewed Plaintiff's request for costs and finds that some items were not reasonable and necessary to provide Plaintiff with effective representation. The court will evaluate each of these non-taxable costs.

**A. Legal Standard**

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Therefore, "[t]he party objecting to the taxation bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC.*, 2010 U.S. Dist. LEXIS 78946, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420, abrogated in part on other grounds, (6th Cir. 2005)). Section 1988 authorizes the award of costs to the prevailing plaintiff in a § 1983 action. "[R]easonable out-of-pocket expenses incurred by [an] attorney which are normally charged to a fee-paying client…are recoverable pursuant to the statutory authority of § 1988." *Northcross v. Board of Educ. of Memphis City Schs*., 611 F.2d 624, 639 (6th Cir.1979) (overruled on other grounds). The Sixth Circuit permits *reasonable* travel expenses, including meals and lodging. *Hawkins v. Center for Spinal Surgery*, 2017 WL 6389679, at *10 (M.D. Tenn. June 21, 2017).

B. Analysis

1. Rental Car

Plaintiff seeks reimbursement for the cost of two rental cars at rates of $193.40, DN 197-7, and $925.41, DN 197-8. Nickitas states he rented these vehicles for a settlement conference and trial, respectively. *Id*. at 7. Defendant objects that Plaintiff should only be entitled to reimbursement for mileage to the extent that would have been incurred by local counsel. DN 198 at 11. Plaintiff provides no reply to Defendant's objection. Consistent with the Court's finding that the relevant local area for attorney compensation is the Western District of Kentucky, the Court finds that the reasonable, taxable costs for Plaintiff's counsel are those that would have been incurred by local counsel. As local counsel would not have been compensated for use of a rental car, these expenses are not taxable.

2. Hotel

Plaintiff seeks reimbursement for $1,873.52 at a Hyatt Hotel where Nickitas stayed during trial "to be as close to the courthouse as possible with an adequate room." DN 197-9. Defendant objects that Plaintiff should only be entitled to reimbursement for costs that would have reasonably been expended by local counsel. DN 198 at 11. Plaintiff provides no reply to Defendant's objection. Consistent with the Court's finding that the relevant local area for attorney compensation is the Western District of Kentucky, the Court finds that the reasonable, taxable costs for Plaintiff's travel costs are those that would have been incurred by local counsel. As local counsel would not have been compensated for hotel expenses, these costs are not taxable.

### 3. Expenses Related to Early Departure

Plaintiff left the trial prematurely to return home because of his dog's medical emergency. DN 197-2 at 78. Plaintiff seeks reimbursement for tolls and gas expenses totaling $103.67, DN 197-10 at 1–3, and a rental car totaling $748.47, DN 197-10 at 4, stemming from this early departure. Defendant objects that he is "not responsible for any additional expenses incurred because Scheffler voluntarily chose not to remain through the end of the trial" or, if the expenses were compensable, they "should have been, argued to the jury prior to submitting the case for deliberation." DN 198 at 11. Defendant bore his burden of persuading the Court why Plaintiff's additional, unnecessary travel expenses are not taxable. Plaintiff provides no reply to Defendant's objection. Accordingly, the Court finds that these expenses are not taxable.

### 4. Service of Process

Plaintiff seeks reimbursement for $1,800 paid to Metro Investigations for service subpoenas. DN 197-12. Defendant objects to "any charge for service of process" related to expedited service because "Scheffler's failure to timely and properly serve process in advance of trial does not justify Lee bearing the expense of 'expedited' service." DN 198 at 12. Defendant argues that Plaintiff's subpoena costs should only be reimbursable if those costs do not exceed the $40 per subpoena charged by Kentucky sheriffs' department in accordance with KRS 64.090(2). DN 198 at 12. The Court finds that a more appropriate frame of reference is the service fee charged by the United States Marshal Service.

"[A] district court may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees." *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). According to 28 CFR 0.114, United States Marshals' service fees are "$65 per hour (or portion thereof) for each item served by one U.S.

Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." Plaintiff seeks reimbursement for service of 12 individuals. Accordingly, the taxable cost for Plaintiff's service request is $780.

### 5. Filing Fee

Plaintiff seeks reimbursement of $505 for a filing fee related to his notice of appeal. DN 197-2. Defendant notes correctly that this Court has already denied the taxability of this cost. DN 119. Plaintiff provides no reply to Defendant's objection. The Court reaffirms its prior finding that this cost is not taxable.

### 6. Summary of Non-taxable Costs

Plaintiff's request for costs will be granted in part and denied in part in accordance with the following:

| Nontaxable Costs | | |
|---|---|---|
| **Cost** | **Amount** | **Citation** |
| Rental car for settlement conference | $193.40 | DN 197-7 |
| Rental car for trial | $925.41 | DN 197-8 |
| Hotel for trial | $1,873.52 | DN 197-9 |
| Fuel and toll expenses related to early departure | $103.67 | DN 197-10 at 1–3 |
| Rental car for early departure | $312.70 | DN 197-11 |
| Costs of service above that charged by U.S. Marshal Service | $1,020.00 | DN 197-11–12 |
| Notice of appeal | $505.00 | DN 197-5 at 14 |
| Total nontaxable costs | $4,933.70 | |

| | |
|---|---|
| Total Costs Requested | $6,024.26 |
| Total Costs Non-taxable | $4,933.70 |
| **Total Costs Taxable** | **$1,090.56** |

18

## IV. Conclusion

Motions having been made and for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' motion for payment of attorney's fees and costs, DN 197, is **GRANTED in part and DENIED in part** in accordance with this opinion.

May 4, 2020

**Charles R. Simpson III, Senior Judge
United States District Court**